B. Newal Squyres, ISB #1621
Alexandra S. Grande, ISB #9566
HOLLAND & HART LLP
800 West Main St., Suite 1750
P.O. Box 2527
Boise, ID 83702-7714
Telephone: (208) 342-5000
Facsimile:  (208) 343-8869
nsquyres@hollandhart.com
asgrande@hollandhart.com

Attorneys for Defendant Compass Minerals America, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAESON ATWOOD, MARY ANN ATWOOD, DONALD MOALA and RYLEE MARSHALL,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS MINERALS AMERICA, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

  Defendant, Compass Minerals America, Inc. ("Compass Minerals"), through its attorneys, Holland & Hart LLP, files this Notice of Removal to Federal Court for the purpose of removing this action from the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon, to the United States District Court for the District of Idaho. Compass Minerals' petition for removal is based on the grounds that this is a civil action between citizens of different states, and therefore this action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), (b) and 1332(a).

NOTICE OF REMOVAL TO FEDERAL COURT  - 1

This Notice of Removal is made on the following grounds:

1. On July 28, 2017, Plaintiffs Jaeson Atwood, Mary Ann Atwood, Donald Moala and Rylee Marshall ("Plaintiffs") commenced this action by filing a complaint in the Third Judicial District Court of the State of Idaho, in and for the County of Canyon, entitled *Jaeson Atwood, Mary Ann Atwood, Donald Moala and Rylee Marshall v. Compass Minerals America, Inc.*, Case No. CV-2017-8205-C ("Complaint"). No prior pleading or paper was served on Compass Minerals.

2. Compass Minerals was served with the Complaint and Summons on January 4, 2018. Compass Minerals has not yet answered or otherwise responded to the Complaint.

3. In accordance with 28 U.S.C. § 1446(a), attached as exhibits hereto are:

   **Exhibit A**: Summons;

   **Exhibit B**: Complaint;

   **Exhibit C**: Acceptance of Service of Complaint;

   **Exhibit D**: Docket Sheet from the state court proceeding as required by Local Rule 81.1(a)(1). To Defendant's knowledge, no other process, pleadings, or orders have been filed or served in this action, nor have any hearings been scheduled.

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

5. There is complete diversity of citizenship between the parties. Plaintiffs Jaeson Atwood, Donald Moala, and Rylee Marshall are residents of Idaho, and Plaintiff Mary Ann Atwood is a resident of Utah, as pled in the Complaint. Compass Minerals is incorporated in Delaware and has its principal place of business in Overland Park, Kansas. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

6. The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000. Idaho permits the recovery of damages in excess of the amount referred to in the Complaint; therefore, this Court is not limited to consideration of the amount referred to in the Complaint. 28 U.S. § 1446(c)(2)(A)(ii). The Ninth Circuit has established the following framework for determining the amount in controversy on removal. First, the defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992). If the amount in controversy is not clear from the face of the Complaint, the Court may consider facts in the removal petition and may require the parties to submit "summary judgment type" evidence (such as affidavits or declarations) relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

7. The face of Plaintiffs' Complaint makes clear that the amount in controversy is more than $75,000. Plaintiffs allege that mineral blocks manufactured by Compass Minerals, which were being transported by a Mr. Morgenthaler, fell off Morgenthaler's vehicle, striking the vehicle being driven by Plaintiff Jaeson Atwood and that one such mineral block entered the vehicle through the windshield and hitting passengers Plaintiff Moala and minor Carter Atwood in the head. Carter Atwood did not survive his injuries. Plaintiff Moala alleges that he has incurred extensive expenses for medical treatment, including ongoing treatment and will continue to incur such expenses for that care, and has experienced pain and suffering, physical stress and impairment. Plaintiffs Jaeson and Mary Ann Atwood, who are the parents of the deceased minor Carter Atwood, claim to have suffered special and general damages, psychological trauma, loss of consortium, physical and emotional pain and suffering, and other damages in an amount to be determined at trial. Plaintiff Marshall claims his car was totaled and

that he continues to incur storage fees for the damaged vehicle. The Plaintiffs also seek attorneys fees. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.") Thus, given the multiple Plaintiffs in this case, the numerous categories of damages sought, and the underlying facts, it is facially apparent that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Plaintiffs will not and cannot dispute that they are seeking damages well in excess of $75,000.

8.      Allegations similar to these have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g.*, *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir.1993) (holding that it was facially apparent from complaint that jurisdictional amount exceeded given claims were for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses; contrasting this case to another in which it was not facially apparent that jurisdictional amount was exceeded since that case involved only damages for the skin rashes and lost income of small-scale Columbian fishermen); *Moore v. Goodyear Tire & Rubber Co.*, No. CV-11-01174-PHX-NVW, 2011 WL 3684508, at *3 (D. Ariz. Aug. 23, 2011) (holding that multi-Plaintiff wrongful death actions, if successful, are generally known to produce verdicts far in excess of $75,000); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460 (E.D.Mich.1990) (finding that "this being a wrongful death action" clearly met the amount is controversy); *Vega Torres v. Municipality of Arecibo*, 2004 WL 1202731 (D.Puerto Rico Apr. 16, 2004) (holding that it is facially apparent that a wrongful death claim, including mental anguish, terror in anticipation of death, loss of companionship and loss of income, exceeds the jurisdictional amount).

9. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint. This Notice of Removal is timely filed and within one (1) year of the commencement of this action.

10. The District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon, in which this action is now pending, is located within this Court's district. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

11. In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on counsel for Plaintiffs and filed with the Clerk of the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon. Compass Minerals has attached a copy of the state court notice hereto as **Exhibit E**.

12. There are no additional defendants that are required to join in this Notice of Removal.

13. Compass Minerals has complied with all procedural requirements of 28 U.S.C. §§ 1441 and 1446 to properly remove this matter.

THEREFORE, Compass Minerals requests that the above-referenced action in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon, be removed to this Court, and requests that this Court enter such further orders as may be necessary and proper.

DATED this 5th day of January, 2018.

                                HOLLAND & HART LLP

                                By   */s/ B. Newal Squyres*
                                    B. Newal Squyres, of the firm
                                    Attorneys for Compass Minerals America, Inc.

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on the 5th day of January, 2018, I filed the foregoing **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

- Kevin E. Dinius      kdinius@diniuslaw.com
  Sarah Hallock-Jayne    shallockjayne@diniuslaw.com

           */s/ B. Newal Squyres*
           for HOLLAND & HART LLP

10509342_2