F I L E D
___A.M._____P.M.

JUL 28 2017

CANYON COUNTY CLERK
            DEPUTY

Kevin E. Dinius
Sarah Hallock-Jayne
DINIUS LAW
5680 East Franklin Road, Suite 130
Nampa, Idaho 83687
Telephone:   (208) 475-0100
Facsimile:   (208) 475-0101
ISB Nos.:    5974, 5745
*kdinius@diniuslaw.com*
*shallockjayne@diniuslaw.com*

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| JAESON ATWOOD, MARY ANN ATWOOD, DONALD MOALA and RYLEE MARSHALL,<br><br>Plaintiffs,<br><br>-vs-<br><br>COMPASS MINERALS AMERICA, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV17-8205-C<br><br>**COMPLAINT**<br>**and DEMAND FOR JURY TRIAL**<br><br>**Fee Category: A-4**<br>**Fee: $221.00** |

COMES NOW, the above named Plaintiffs, Jaeson Atwood, Mary Ann Atwood, Donald Moala and Rylee Marshall, by and through their attorneys of record, Dinius & Associates, PLLC, and for a cause of action against the above-named Defendant, and COMPLAINS and ALLEGES as follows:

JUDGE
GENE A. PETTY

COMPLAINT AND DEMAND FOR JURY TRIAL - 1



## PARTIES AND JURISDICTION

1. At all times herein mentioned, Jaeson Atwood (hereinafter "Plaintiff Jaeson Atwood"), has been, and currently is, a resident of Nampa, Canyon County, Idaho.

2. At all times herein mentioned, Mary Ann Atwood, (hereinafter "Plaintiff Mary Ann Atwood"), has been, and currently is, a resident of Syracuse, Utah.

3. At all times herein mentioned, Donald Moala, (hereinafter "Plaintiff Moala"), has been, and currently is, a resident of Nampa, Canyon County, Idaho.

4. At all times herein mentioned, Rylee Marshall, (hereinafter "Plaintiff Marshall"), has been, and currently is, a resident of Nampa, Canyon County, Idaho.

5. At all times herein mentioned, Compass Minerals America, Inc. was a corporation duly organized and existing under the laws of the State of Delaware, qualified to do business in the State of Idaho.

6. The amount in controversy between the parties of this action is greater than the sum of $10,000.00 and therefore exceeds the jurisdictional prerequisites of this Court.

7. The events giving rise to this action occurred in Canyon County, Idaho making jurisdiction proper in this court.

8. Venue is appropriate pursuant to Idaho Code § 5-404.

## GENERAL ALLEGATIONS

9. At all times relevant hereto, Plaintiff Jaeson Atwood was the operator of a 1998 Dodge 2500 Pickup ("Plaintiff's vehicle").

10. At all times relevant hereto, Plaintiff Donald Moala was the front seat passenger of Plaintiff's vehicle.

11. At all times relevant hereto, Ronald Morgenthaler was the operator of a 2007 Chevrolet Silverado Pickup ("Morgenthaler's vehicle").

12. At all times relevant hereto, Plaintiff Mary Ann Atwood and Jaeson Atwood were the natural parents of Carter Atwood, a minor and passenger in Plaintiff's vehicle.

13. At all times relevant hereto, Plaintiff Rylee Marshall was the owner of the 1998 Dodge 2500 operated by Plaintiff Jaeson Atwood.

14. On or about July 31, 2015, Ronald Morgenthaler purchased two plastic wrapped pallets of Compass Minerals mineral blocks from Simplot Western Stockmen's in Ontario, Oregon.

15. Each pallet held 40 mineral blocks and weighed 2,000 pounds.

16. Upon information and belief, the mineral blocks were plastic wrapped to the pallets by Compass Minerals.

17. Mr. Morgenthaler transported the two pallets of mineral blocks from Ontario, Oregon to Emmett, Idaho.

18. On August 1, 2015, at approximately 2:22 p.m. Plaintiff's vehicle was traveling southbound on Highway 52 near Emmett, Idaho.

19. At the above mentioned date and time, Mr. Morgenthaler's vehicle was traveling north on Highway 52 near mile post 43.

20. At the above mentioned date and time, the large mineral blocks that were being transported by Mr. Morgenthaler began falling from the flatbed pickup onto the highway.

21. Plaintiff's vehicle began hitting the mineral blocks that were falling from Mr. Morgenthaler's vehicle. Plaintiff lost control of his vehicle and lost steering due to the damage to his vehicle caused by the mineral blocks.

22. One of the mineral blocks that had come off of Mr. Morgenthaler's vehicle went through the front windshield of Plaintiff's vehicle.

23. The mineral block went through the windshield hit Plaintiff Moala in the shoulder

and continued to travel through the vehicle, hitting Carter Atwood in the head, breaking through the back window and hitting the tailgate of Plaintiff's vehicle and his trailer.

24. As a direct and proximate result of Defendant's careless, reckless, and negligent acts in failing to properly secure the mineral blocks to the pallets, Plaintiffs Jaeson Atwood and Mary Ann Atwood suffered the loss of their son, Carter Atwood, who was pronounced dead due to his extensive injuries resulting from the mineral block hitting him in the head.

25. As a direct and proximate result of Defendant's actions, Plaintiffs Jaeson Atwood and Mary Ann Atwood have suffered special and general damages, psychological trauma, loss of consortium, physical and emotional pain and suffering, and other damages in an amount to be determined with specificity at trial.

26. As a direct and proximate result of Defendant's careless, reckless, and negligent acts, Plaintiff Moala suffered extensive injuries to his shoulder.

27. As a direct and proximate result of Defendant's actions, Plaintiff Moala has been forced to incur extensive expenses for medical treatment, including ongoing treatment and will continue to incur such expenses for such care; Plaintiff Moala has experienced pain and suffering, physical stress and impairment in an amount greater than $10,000.00 to be proven with specificity at trial.

28. As a further direct and proximate result of Defendant's actions, Plaintiff Marshall's 1998 Pickup was totaled and has/is incurring storage fees after being towed from the scene of the collision.

## COUNT ONE
*Negligence*

29. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

30. Defendant had a duty of care to secure the mineral blocks to the pallets in a safe and reasonable manner.

31. Defendant was in breach of that duty by failing to properly secure the mineral blocks ensuring they were suitable for transport.

32. Defendant's failure to exercise a duty of reasonable care in the wrapping of the mineral blocks to the pallets loaded onto Mr. Morgenthaler's vehicle was the actual and proximate cause of the harm suffered by Plaintiffs.

33. Plaintiffs suffered personal injury and special and general damages, psychological trauma, loss of consortium, physical and emotional pain and suffering, and other damages as a result of the harm caused from the breach of duty by Defendant.

34. Defendant's actions were negligent and/or reckless.

35. As a direct and proximate result of Defendant Simplot's actions, Plaintiff Moala has been forced to incur extensive expenses for medical treatment, including ongoing treatment and will continue to incur such expenses for such care.

36. As a direct and proximate result of Defendant's actions, Plaintiffs Jaeson Atwood and Mary Ann Atwood have experienced pain and suffering, physical stress and impairment over the loss of their son as well as special damages for medical treatment for Carter Atwood in an amount greater than $10,000.00 to be proven with specificity at trial.

37. As a further direct and proximate result of Defendant's actions, Plaintiff Marshall's 1998 Pickup was totaled and has/is incurring storage fees after being towed from the scene of the collision.

38. Plaintiffs reserve this paragraph for the inclusion of the claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT TWO
### *Negligence Per Se*
### *Violation of Idaho Code § 49-613*

39. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

40. Defendant's failure to properly secure the mineral blocks to the pallets resulted in the mineral blocks falling from Mr. Morgenthaler's flatbed pickup into the highway in violation of Idaho Code § 49-613.

41. Defendant's failure to properly secure the mineral blocks to the pallets was the direct and proximate cause of the death of Carter Atwood, physical injuries to Plaintiff Moala and damage to Plaintiff's vehicle.

42. As such, Plaintiffs are entitled to recover monetary damages from Defendant, representing fair and reasonable compensation for the special and general damages suffered by Plaintiffs as a result of the wrongful conduct alleged hereinabove in an amount in excess of $10,000.00 to be proven with specificity at trial.

43. Plaintiffs reserve this paragraph for the inclusion of the claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT THREE
### *Wrongful Death*

44. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

45. The death of Carter Atwood was caused by the wrongful act and/or neglect of Defendant.

46. As a result of the death of Carter Atwood, Plaintiffs have suffered special and general damages, psychological trauma, loss of consortium, physical and emotional pain and

suffering, and other damages in an amount to be determined with specificity at trial.

47.     Plaintiffs reserve this paragraph for the inclusion of punitive damages pursuant to Idaho Code § 6-1604.

## REQUEST FOR ATTORNEY FEES AND COSTS

As a result of Defendant's actions as set forth above, Plaintiffs have been required to retain the law firm of Dinius & Associates, PLLC, to prosecute this action and have incurred and will continue to incur costs and attorney fees for which the Plaintiffs are entitled to a separate award pursuant to Idaho Code §§ 12-120 and 12-121, and Rule 54(e)(1) of the Idaho Rules of Civil Procedure as well as any other applicable statute or rule, in an amount to be determined by the Court, or, if Judgment is received by default, in the amount of $3,000.00.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury comprised of not less than twelve (12) persons on all issues so triable, pursuant to Idaho Rule of Civil Procedure 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against Defendant as follows:

1.     For a money judgment against Defendant for Plaintiff Jaeson Atwood's medical expenses, future medical costs and expenses, pain and suffering, physical and mental anguish and loss of consortium in an amount in excess of $10,000.00 to be proven with specificity at trial;

2.     For a money judgment against Defendant for Plaintiff Mary Atwood's medical expenses, future medical costs and expenses, pain and suffering, physical and mental anguish and loss of consortium in an amount in excess of $10,000.00 to be proven with specificity at trial;

3.     For a money judgment against Defendant for Plaintiff Donald Moala's medical

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

expenses, future medical costs and expenses, pain and suffering, physical and mental anguish and loss of consortium in an amount in excess of $10,000.00 to be proven with specificity at trial;

4. For a money judgment against Defendant for Plaintiff Rylee Marshall's property damage claim in an amount in excess of $10,000.00 to be proven with specificity at trial;

5. For attorney fees incurred in this matter pursuant to Idaho Code §§ 12-120 and 12-121, and Rule 54(e)(1) of the Idaho Rules of Civil Procedure, or in the amount of $3,000.00 if Judgment is taken by default;

6. For costs incurred in the prosecution of this action; and,

7. For such other and further relief as the Court deems just and proper.

DATED this 28th day of July, 2017.

DINIUS LAW

By:_____
Kevin E. Dinius
Sarah Hallock-Jayne
Attorneys for Plaintiffs